Nash, C. J.
 

 There is no error in the charge of his Honor,
 
 *182
 
 before whom the case was tried below; or none, of which the defendant had a right to complain.
 

 Williapi McRee, under whom the lessor of the plaintiff claimed, had lived on the land for upwards of twenty years, claiming and exercising acts of ownership, up to known and visible boundaries. The land had been granted to one Richard Harrison ill 1765, and prior to 1795 was in the possession of Robert McRee, who died before that year, and was succeeded in the possession by his son William McRee, who continued the possession to his death in 1818. The land was subsequently sold under due process of law, to satisfy a creditor of William McRee, and the lessor of the plaintiff became the purchaser. The defendant entered on the land without any claim of title, was a mere trespasser, but not upon the part which had been cultivated by the McRees. His Honor instructed the jury, that as the land had been granted, if the McRees had been in possession for twenty years, as testified by the witnesses, they ought to presume a conveyance to him. The deposition of a witness, S. N. Richardson, accompanies the case as part of it. He testifies that William McRee was in possession of the Harrison tract prior to 1795, and that he died in the possession, in the Fall of 1818; and that he
 
 occupied and exercised
 
 acts of ownership upon it up to the time of his death. He states further, that John Harrison gave to his brother Richard a strip of the land on the lower side, and that William McRee cleared and cultivated land from the upper part of the slip given to Richard, down to Lyon’s line, now Bryan’s line; and that he continued to do it (that is, to clear and cultivate from the one line to the other, as we understand it,) to the time of his death. The case then discloses a continued possession of the land in dispute, by William McRee to the lines of the Harrison patent for upwards of twenty-three years. This possession did not rest in verbal declarations, but in repeated acts of ownership, by clearing and cultivating to those lines, in several and distinct pails — a possession which, if believed by the jury, justified the Judge’s charge.
 

 Our attention has been called by the defendant’s counsel, to the case of
 
 Bynum
 
 v.
 
 Thompson,
 
 3 Ire. 578. We do not, upon examination, find that it conflicts with this. In that case, the plaintiff claimed under a grant to one Braswell, which it was al
 
 *183
 
 leged covered the
 
 locus in quo,
 
 and mesne conveyances from some men by the name of Lane to himself; and then proved that one of the Lanes had been in possession of land within the Braswell patent for sixty years, but failed to prove any conveyance from the patentee to him; and in order to ground a presumption of such conveyance, the plaintiff was permitted to give in evidence the declarations of the tenants in possession, that they claimed up to the Braswell lines. The defendant claimed under a grant to Dewry and Baker, of a date subsequent to that of the Braswell grant, and mesne conveyances. These grants overlapt, and the case states that neither party was in the actual possession of the lap, and the declarations of the Lanes were relied on to show that their possession extended to the Braswell lines. The Court said, those declarations were not competent to prove title, or raise a presumption that Braswell had ever conveyed the land to Lane, because it was making a title by parol. The Court say,
 
 ce
 
 when ' one enters on land without any conveyance,
 
 or other thing
 
 to show what he does claim, how can the possession, by any presumption or implication, be extended beyond his occupation
 
 de facto
 
 ? To allow him to
 
 say
 
 he claims to certain boundaries, beyond his occupation, and by construction, to hold his possession to be commensurate with
 
 his claim,
 
 would be to hold
 
 the ouster of the owner without giving him an action therefor.
 
 ’ ’ The latter ■clause is a key to the opinion of the Court; a verbal declaration cannot be an ouster. Where A. and B. are patentees of contiguous tracts of land which overlap, and neither is in the actual occupation of the lappage, the law carries the possession to the elder’ title; and though each is in possession of other portions of their respective tracts, neither can bring an action against the other, until some act be done upon the disputed part, amounting to a trespass; after such an act done, an action may be brought. But suppose neither A. nor B. be in the actual possession of their respective tracts, and a stranger without any title or right from A. the younger grantee, enters on his land and makes a clearing on it, but not on the lappage — to permit him, by his simple declaration, to extend his possession to the lines of the patent, would be ousting B. without his having it in his
 
 power
 
 to assert his title. To such a state of facts, we understand the opinion of the Court to
 
 *184
 
 extend, in
 
 Bynum
 
 v.
 
 Thompson.
 
 The case before us is essentially different. Continued acts of William McRee, by clearing and cultivating the land up to the boundaries of the Harrison patent for upwards of twenty-three years, were proved, during all which time he was exposed to the action of the heirs of Harrison.
 

 There is no error in his Honor’s charge, and the judgment is affirmed.
 

 PeR Cuhiam. Judgment affirmed.